IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BUCKLEY** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 21-2405 |
| **v.** | : | |
| | : | |
| **BARRY SMITH,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW,** this 20th day of May 2022, upon consideration of Petitioner Michael Buckley's ("Petitioner") *pro se petition for writ of habeas corpus*, [ECF 1], and Respondents' response in opposition, [ECF 11], and after a careful review of the Report and Recommendation issued by United States Magistrate Judge Timothy R. Rice, [ECF 12], to which no objections were filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

2. The *petition for a writ of habeas corpus* is **DENIED** without an evidentiary hearing;

---

[1] On February 8, 2022, the Magistrate Judge filed a well-reasoned Report and Recommendation ("R&R"), recommending that the *habeas* petition be dismissed as the claims are procedurally defaulted, lack merit, and/or do not constitute a fundamental miscarriage of justice. [ECF 12]. Thereafter, Petitioner requested and was granted an extension of time to file any objections to the R&R. [ECF 13, 14]. Accordingly, the deadline was set for April 15, 2022. As of the date of this Order, Petitioner has not filed any objections and the time to do so has expired. In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Here, after a thorough independent review of the record and the R&R, this Court finds no error was committed by the Magistrate Judge and, therefore, approves and adopts the R&R in its entirety.

3. No probable cause exists to issue a certificate of appealability;[2] and

4. The Clerk of Court is directed to mark this matter **CLOSED.**

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action. Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Under these circumstances, there is no basis for the issuance of a certificate of appealability.